IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      No. 15-cr-30005-DRH

ERIC RUSSELL,
EYOB TILAHUN, and
MASON RICHMOND

    Defendant.

## ORDER

**HERNDON, District Judge:**

Pending before the Court is defendants' joint motion to modify protective order or in the alternative for entry of an order requiring disclosure of *Brady* material (Doc. 122).[1] The government has filed a response (Doc. 124). For the reasons discussed herein, the motion is **DENIED.**

Also pending in relation to this motion are: (1) the government's motion to permit filing of exhibits under seal (Doc. 123), the motion is **GRANTED**; the defendants' joint motion for leave to file a reply (Doc. 126), the motion is **DENIED** as moot; and (3) the defendants' joint motion for oral argument (Doc. 134), the motion is **DENIED** as moot.

---

[1] Defendant Russell moves to modify the protective order that he previously signed and that was entered by Judge Nancy Rosenstengel. Defendants Tilahun and Richmond, who were recently indicted but have not entered into a protective order, have joined in defendant Russell's motion.

On January 22, 2015, the grand jury returned an indictment against defendant Russell and others (Lakesha R. Wilson, Melissa L. Wiley, Tanesa L. Beverly, and Pierre J. Carter) charging them with offenses related to preparing fraudulent tax documents. Shortly after defendant Russel was arraigned, the AUSA sent his attorney a letter and package of materials. The package included those materials the government must disclose to the defense in accord with Federal Rule of Criminal Procedure 16. With regard to Rule 16(a)(1)(E), the government indicated it was in possession of certain tax records and offered to allow defense counsel to review the original records in the government's possession on a mutually agreeable date. Additionally, the government offered to provide copies of the tax documents directly to defense counsel.

The government then offered to provide early disclosure of Jencks Act materials if defense counsel would enter into a protective order. The proposed protective order limited the use of the discovery materials to the preparation of Russell's defense. In addition, while the proposed order permitted the defendant to personally view these materials, the order required that defendant's review take place at defendant's counsel's office. The proposed order also prohibited defense counsel from providing copies of the discovery materials to the defendant.

Counsel for defendant Russell signed the proposed protective order and, on February 19, 2015, Judge Rosenstengel, finding good cause existed for entry thereof, entered the agreed order (Doc. 57). The same protective order was entered for Russell's co-defendants (Carter, Beverly, Wiley and subsequently

Wilson) (Doc. 57, Doc. 60). Thereafter, in reliance on the agreed-to protective order, the government provided Russell's counsel with early disclosure of Jencks material.

On July 22, 2015, a Superseding Indictment was filed under seal and not unsealed until August 24, 2015. Pursuant to the Superseding Indictment, defendants Tilahun and Richmond were added as defendants. Defendants Tilahum and Richmond have not entered into a protective order with the government.

In the current motion, Russell objects to the provision that he may only review the discovery materials at his attorney's office or at the offices of the federal defender in East St. Louis.[2] Defendants Tilahum and Richmond have not entered into a protective order with the government but join in Russell's objection.

Although Russell touches on a full range of issues regarding discovery in criminal matters, including potential *Brady* violations, the central dispute here involves Jencks Act material. By its express terms, the Jencks Act generally does not provide the defendant with an opportunity to obtain the statements of a government witness until after the witness is called by the United States on direct examination. 18 U.S.C. 3500(a). The Seventh Circuit has held that district courts have no authority to order pretrial disclosure of material embraced by the Jencks Act. *See, United States v. Harris,* 542 F.2d 1283, 1296 (7th Cir. 1976), *cert*

---

[2] At the request of Russell's counsel, the government has agreed to allow Russell to review the discovery at the offices of the Federal Defender in East St. Louis, rather than traveling to his attorney's offices in Alton.

*denied, Clay v. United States,* 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977); *United States v. Feinberg,* 502 F.2d 1180, 1182-83 (7th Cir. 1974), *cert. denied,* 420 U.S. 926, 95 S.Ct. 1122, 43 L.Ed.2d 396 (1975).

In the instant case, the government's production has been substantial. This includes substantial early production of Jencks Act material (eye witness reports and grand jury transcripts). This early production was not required under either the Jencks Act or Rule 16. In fact, as noted above, the Court would not have had the authority to order early production of this material. In exchange for the early production, the parties' agreed to limit the defendant's examination of the discovery to defendant's attorney's office (or the office of the federal defender in East St. Louis). Now, after securing an agreement to receive material the government was not yet required to produce, defendant seeks to alter the parties' agreement. The Court finds nothing in the record that would warrant the requested modification and the defendant does not cite to any authority authorizing such a modification.

Moreover, the Court finds good cause exists for the reasonable limitation imposed on the defendant's examination of discovery. The government has explained that the basis for the limitation is a concern for witness safety. The government has presented evidence indicating that the alleged leader of the conspiracy charged in the superseding indictment, defendant Tilahun, has previously engaged in a drive-by shooting and witness tampering. As the alleged leader of the conspiracy, defendant Tilahun's prior conduct presents legitimate

concerns about witness safety in relation to all of the defendants. Given these concerns, there is good cause for situs limitation imposed by the protective order.

The protective order is narrowly drawn and not overly onerous on the defendant. It does not prevent the defendant from inspecting discovery or from discussing the discovery with his attorney. It imposes, at most, a minor inconvenience to the defendant. Given the circumstances, the Court finds that the convenience of the defendant must give way to the government's legitimate concerns regarding witness safety. Ultimately, the Court finds there is nothing in this record that requires the protective order, entered by a predecessor judge, to be modified or reformed.

As to counsel's arguments regarding the *Brady* rule, the government acknowledges that *Brady* imposes a constitutional obligation upon it to disclose exculpatory evidence. The government assures the court it is not seeking to withhold *Brady* material from the defense (nor has Russell identified any *Brady* material that has been withheld). The government also indicates it has complied with and will continue to comply with its *Brady* obligations.

Finally, to the extent there is any disagreement about how to resolve conflicting timing requirements for witness statements that contain exculpatory evidence (i.e. Jencks Act material that is also subject to *Brady* disclosure) the Court finds as follows: The defendant is entitled to *Brady* material, including material that falls under the Jencks Act, in time to review it and use it effectively

at trial. In other words, the Jencks Act does not trump the government's *Brady* obligations.

For the reasons discussed herein, the defendants' motion to modify the protective order is **DENIED.** The Court declines to adopt the proposed standing order regarding disclosure of *Brady* material.

**FURTHER,** the government's motion to permit filing of exhibits under seal (Doc. 123) is **GRANTED**. The defendants' joint motion for leave to file a reply (Doc. 126) is **DENIED** as moot. The defendants' joint motion for oral argument (Doc. 134) is **DENIED** as moot.

**IT IS SO ORDERED.**

Signed this 27th day of October, 2015.

Digitally signed by Judge David R. Herndon
Date: 2015.10.27 15:30:05 -05'00'

**United States District Judge**