IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                             Case No. 15-CR-30005-DRH

PIERRE J. CARTER and
EDRIC A. RUSSELL

    Defendants.

**ORDER**

**HERNDON, District Judge:**

## I.    INTRODUCTION

Presently before the Court is defendant Edric A. Russell's Motion to Require the Government to Seek Leave to File Sealed Documents and to Unseal Documents 208 (government's first motion in limine), 211 (government's second motion in limine), 214 (government's proffer of co-conspirator statements), and 215 (defendant Carter's response to government's first motion in limine) (Doc. 216). Russell, citing to the public's right to access court records, argues the documents are not appropriately maintained under seal. The government has responded (Doc. 221). According to the government, the subject pleadings were appropriately filed under seal because they identify cooperating defendants and/or witnesses (or contain detailed information from which cooperating witnesses can

be identified). The government asks the documents remain under seal and seeks leave to file future pleadings that identify cooperating witnesses under seal.

Although the "right of access to criminal trials is not explicitly mentioned in terms in the First Amendment," it is now "firmly established" "that the press and general public have a constitutional right of access to criminal trials." *Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 603–04, 102 S.Ct. 2613, 2618, 73 L.Ed.2d 248 (1982). However, the First Amendment does not guarantee access to every aspect of a trial. *See e.g., In re Boston Herald, Inc.*, 321 F.3d 174, 183 (1st Cir.2003) (First Amendment does not guarantee access to withdrawn plea agreements, affidavits supporting search warrants, or presentence reports) (citing cases); *United States v. Corbitt*, 879 F.2d 224, 228–29 (7th Cir.1989) (no First Amendment right to access presentence reports).

Moreover, even when the First Amendment right of access exists, it is not absolute. As the United States Supreme Court has recognized, it "may give way in certain cases to other rights or interests, such as the defendant's right to a fair trial or the government's interest in inhibiting disclosure of sensitive information." *Waller v. Georgia,* 467 U.S. 39, 45, 104 S.Ct. 2210, 2215, 81 L.Ed.2d 31 (1984). Once the qualified First Amendment right attaches, that proceeding or document "cannot be closed unless specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press–Enterprise II*, 478 U.S. at 13–14, 106 S.Ct. 2735 (internal quotation marks omitted).

In the instant case, to the extent that the right of access attaches to the pleadings in question, it must yield to protect the government's interest in the disclosure of sensitive information. As set forth in the government's briefing, the subject documents identify cooperating witnesses. Unsealing the pleadings would have the unintended consequence of endangering the safety of the cooperators. Although no specific threat has been identified, the charges in this case involve a criminal organization, members of whom allegedly engaged in a complex scheme to defraud the government. As other courts have recognized, the threat of "retaliatory acts against those producing adverse testimony is especially acute in the context of criminal organizations." *U.S. v. Doe*, 63 F.3d 121, 130 (2nd Cir. 1995). Additionally, some of the cooperating witnesses are incarcerated. Unsealing the subject pleadings is particularly dangerous for these witnesses, as cooperating with the government is often brutally discouraged by the general inmate population.

Therefore, the Court finds the safety of the cooperating witnesses is a "higher value" that overrides the public's interest in the subject pleadings. The Court further finds that sealing the subject pleadings is narrowly tailored to protect that interest. Accordingly, Russell's motion is **DENIED. FURTHER,** the

Court **GRANTS** leave to file future pleadings containing this type of sensitive information under seal.

**IT IS SO ORDERED.**

Signed this 28th day of July, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.07.28 19:58:37 -05'00'

**United States District Judge**